James A. Gabriel, Esq. Informal Opinion Town Attorney No. 2000-14 Town of Romulus 7185 Main Street Ovid, New York 14521-0449
Dear Mr. Gabriel:
You have inquired whether the sole assessor of the Town of Romulus may serve as an elected member of a school board located partly in that town. We conclude that the two positions are compatible.
In a telephone conversation, you stated that the school district in question occupies a portion of the Town of Romulus, as well as portions of other towns. You also stated that the assessor for the Town of Romulus is an officer appointed by the town board. See Real Property Tax §310(1).
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible under common law. In People ex rel. Ryan v. Green,58 N.Y. 295 (1874), the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the duties of the two offices.
We have found no statute prohibiting the concurrent holding of these two offices. Town Law § 20(4), which imposes restrictions upon dual holding of "elective town office," does not apply because the assessor's position is appointive and the position of school board member is a school district office. Section 2103 of the Education Law, which imposes restrictions on certain dual office holding by school board members, does not prohibit a member from holding the office of town assessor. Thus, the State Legislature has not expressly prohibited an individual from simultaneously holding the positions of town assessor and member of a board of education.
Moreover, one office is not subordinate to the other because they are within separate legal entities, and because neither entity reviews actions of the other. Nor do the duties of the two positions overlap. The town assessor determines the value of real property for the purposes of taxation. See Town Law § 33; see also Op Atty Gen (Inf) No. 92-25. The duties of a member of a board of education are set forth in Education Law § 2503. Generally, the board determines policy for the school district.
Finally, there is no foreseeable conflict between the duties of the two positions. See Op Atty Gen (Inf) No. 92-25 (positions of town assessor and fire district commissioner compatible). A town assessor must prepare and deliver to each school district wholly or partly within the town a duplicate of the town's assessment roll, which is the basis for levy of district taxes. See Real Property Tax Law § 1302(2) (town assessors required to prepare for each school district wholly or partly in the town that part of the final assessment roll applying to the district). We have previously concluded that this duty does not disqualify a town assessor from being a member of a board of education of a school district located entirely in a town because there is no inherent conflict between the duties of the two positions.[1] See 1949 Op Atty Gen (Inf) 26. We reach the same conclusion here for the same reason.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General
[1] We note that any differences between towns in the level of assessment of real property (for example, one town may assess at full value while another assesses at a percentage of full value) are "equalized" by the State Office of Real Property Services. See generally
Real Property Tax Law §§ 1200-1264. The equalized assessments are used in determining each town's tax liability to fund the school district budget.